Filed 11/23/15  Perna v. Perna CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANGIE PERNA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CONCETTA PERNA et al.,<br><br>    Defendants and Respondents. | D066713<br><br><br><br>(Super. Ct. No. 37-2013-00032837-PR-LA-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Ronald L. Styn, Judge.  Affirmed.


Arizmendi Law Firm and Ruben F. Arizmendi for Plaintiff and Appellant.

Law Offices of Timothy E. Fields, Timothy E. Fields and Lauren R. Presser for

Defendants and Respondents.

Angie Perna appeals from a judgment following a bench trial on her probate

petition alleging the invalidity of a deed for real property.  She contends substantial

evidence did not support the trial court's finding that decedent, Carlo Perna, had the

requisite capacity to execute the deed.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Angie is Carlo's daughter. On March 22, 1999, Carlo presented to a hospital emergency room in respiratory distress and was later admitted to the intensive care unit. (All further date references are to 1999.) On March 29, Carlo changed title to real property located in Chula Vista from tenants in common with his sister, Maria S. Da Luz, to joint tenancy. Carlo signed the quitclaim deed and a notary public notarized the document. On March 30, Carlo underwent a tracheotomy. Carlo later requested that he not be resuscitated and that food and medication be withdrawn. Carlo died intestate on April 5. In 2013, Angie filed a petition for letters of administration challenging the transfer. Carlo's other daughter, Connie E. Castellanos, and his sisters, Concetta R. Perna and Da Luz, objected to the petition.

After considering evidence and hearing testimony, the trial court denied the petition, concluding that Angie had failed to make a prima facie showing that Carlo suffered from diminished capacity or was unduly influenced when he disposed of his estate prior to his death. The court entered judgment in favor of the objecting parties. Angie timely appealed. She designated the record on appeal as an appendix and elected to proceed without a reporter's transcript. Additionally, there is no statement of decision.

DISCUSSION

Angie contends the trial court erred because it based its decision on trial testimony that Carlo had no problem communicating with others during the last days of his life, while failing to consider numerous authenticated medical records that confirmed Carlo's inability to communicate. She asserts the medical records allowed for only one

2

reasonable assumption — that Carlo was not fully aware of his surroundings and could not communicate with family members, rendering his estate distribution invalid. We disagree.

Under the California Rules of Court, Angie had a choice of several types of records upon which to take an appeal where, as here, there was no reporter's transcript of the oral proceeding in the trial court. (Cal. Rules of Court, rule 8.122 et seq.) Angie selected to proceed by an appellant's appendix. (Cal. Rules of Court, rule 8.124.) Whichever method is chosen, it was Angie's burden as the appellant to provide an adequate record for us to assess her claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

The presentation of a record consisting of judgment roll and exhibits or other documents from the clerk's file without a reporter's transcript is treated as a judgment roll appeal. (*In re Larson's Estate* (1949) 92 Cal.App.2d 267, 269.) On such an appeal, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (Cal. Rules of Court, rule 8.163; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) Moreover, where there is no statement of decision "all intendments will favor the trial court's ruling and it will be presumed on appeal that the trial court found all facts necessary to support the judgment." (*In re Marriage of Ditto* (1988) 206 Cal .App.3d 643, 649.)

3

Probate Code sections 810 to 812 set forth a mental capacity standard related to certain legal acts and decisions. (Undesignated statutory references are to the Probate Code.) Section 810 establishes a rebuttable presumption "that all persons have the capacity to make decisions and to be responsible for their acts or decisions." (§ 810, subd. (a).) A judicial determination that a person lacks the legal capacity to perform a specific act "should be based on evidence of a deficit in one or more of the person's mental functions rather than on a diagnosis of a person's mental or physical disorder." (§ 810, subd. (c).) A finding that a person lacks capacity must be supported by evidence of a deficit in mental functioning that significantly impairs a person's ability to understand and appreciate the consequences of the challenged action; and there must be evidence of a correlation between the deficit and the challenged action. (§ 811.) Section 811 lists numerous factors, which are grouped into categories of "alertness and attention," "information processing," and "thought processes," to assess whether a person lacks the capacity to do a certain act. (§ 811, subd. (a).)

Angie first contends the trial court failed to consider all the evidence before it. We are foreclosed from addressing this argument by the state of the record on appeal. Because this is a judgment roll appeal, we do not know what witness testimony was presented during trial. Accordingly, we cannot assess the trial court's application of that evidence to the factors listed in the Probate Code.

Angie filed a motion asking us to take evidence and make factual determinations contrary to those made by the trial court under Code of Civil Procedure section 909. The new evidence consists of Carlo's medical records. The circumstances under which we

4

can receive new evidence after judgment are very rare. (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1090.) For us to take new evidence under Code of Civil Procedure section 909 "the evidence normally must enable the Court of Appeal to affirm the judgment, not lead to a reversal. [Citations.] The power to take evidence in the Court of Appeal is never used where there is conflicting evidence in the record and substantial evidence supports the trial court's findings.' " (*Ibid.*) The proposed evidence does not meet these standards; accordingly, the motion is denied.

In any event, to rule on the motion we examined the new evidence offered by Angie. This evidence shows Carlo suffered from hearing loss, was blind in his left eye, had tunnel vision, suffered vocal cord paralysis, was intubated in the emergency room and later underwent a tracheotomy. While it is undeniable that Carlo was physically infirm at the time of his death, a determination that he lacked the legal capacity to execute the deed is to be based on deficits in his mental functioning rather than on his physical condition. (§ 810, subd. (c).) The medical records do not show deficits in Carlo's mental functioning; rather, they show Carlo was "awake" and "alert." They also reflect Carlo requested that he not be resuscitated and that all food and medication be withdrawn. Carlo's family, "who had been in attendance and at his bedside throughout his hospital stay," agreed with his decision. Thus, while Carlo *may* have been unable to speak, he was able to communicate.

No error appears on the face of the record and the proceedings in the trial court are presumed to support the trial court's ruling.  Additionally, even if we were to consider Angie's new evidence, this evidence fails to rebut the presumption that Carlo had the capacity to make a decision regarding his real property.  (§ 810, subd. (a).)

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to their costs on appeal.


McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.